WELCH, J.
Concurs in Part and Dissents in Part.
|XI concur in the opinion to the extent that it reverses the granting of the State’s motion for partial summary judgment on the issue of liability. However, I dissent from that portion of the opinion affirming the denial of National Union’s motion for summary judgment.
First, I disagree with the finding that notice to Aon met the notice requirements of the excess policy of insurance. The notice provisions of the ORM policy, expressly incorporated into the National Union policy, clearly placed a duty on the State to notify National Union of the Odom claim and lawsuit. I do not believe that the narrative description of Aon’s claims handling procedures set forth in the bid proposal obviated this basic contractual obligation.
Secondly, I disagree with the finding that there is a genuine dispute on the issue of whether the State’s late notice of the claim was prejudicial to National Union. In my opinion, a case of actual prejudice simply could not be more clear. Because National Union was not notified of the Odom claim until after judgment had been rendered in the lawsuit, National Union was deprived of its ability to conduct an investigation of the underlying facts, to defend itself and its insured against the claim, and to participate in settlement negotiations and the trial of the matter.
I find that under the undisputed facts of this case, the State’s failure to notify National Union of the Odom lawsuit until after judgment had been rendered following a full trial on the merits constituted actual prejudice relieving National |9Union of liability under the excess policy. Therefore, I would reverse the trial court’s judgment and render summary judgment in favor of National Union on the liability issue.